**Xhemal FRASHERI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**07–2114–ag.**

United States Court of Appeals, Second Circuit.

May 1, 2008.

Petition denied.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

PRESENT: Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Xhemal Frasheri, a native and citizen of Albania, seeks review of an April 25, 2007 order of the BIA denying his motion to reopen. *In re Xhemal Frasheri*, No. A73 598 485 (BIA Apr. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Under 8 C.F.R. § 1003.2(c)(2), an individual may move to reopen his case, but must do so within 90 days of the entry of the final decision in the underlying proceeding. However, the 90–day filing deadline may be equitably tolled where the motion to reopen is based on a claim of ineffective assistance of counsel. *See Jin Bo Zhao v. INS*, 452 F.3d 154, 160 (2d Cir.2006). In order to prevail on a claim of ineffective assistance of counsel, an applicant must comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). In addition, an applicant seeking to toll the 90–day filing deadline must show that he exercised due diligence in pursuing the case during the period of time for which he seeks tolling. *Iavorski v. INS*, 232 F.3d 124, 134–35 (2d Cir.2000).

There is no dispute that Frasheri's motion met the procedural requirements set forth in *Lozada*. Nonetheless, equitable tolling is not warranted because Frasheri failed to exercise the requisite due diligence. *See id.* Frasheri argues that his compliance with *Lozada* compelled the grant of his motion and that the BIA abused its discretion and violated his due process rights by imposing an additional due diligence requirement that is not articulated in *Lozada*. However, in requiring Frasheri to demonstrate due diligence, the BIA was acting in accordance with this Court's well-settled precedent which unambiguously requires movants who seek equitable tolling based on ineffective assistance of counsel to establish that they pursued their rights with due diligence once they knew or should have known of their counsel's ineffective assistance. *See, e.g., Jian Hua Wang v. BIA*, 508 F.3d 710, 714 (2d Cir.2007); *Ali v. Gonzales*, 448 F.3d 515, 516 (2d Cir.2006); *Cekic v. INS*, 435 F.3d 167, 171–72 (2d Cir.2006); *Iavorski*, 232 F.3d at 134.

Frasheri has submitted a supplemental appendix consisting of three unpublished BIA orders that he argues establish a BIA practice of granting motions to reopen based on ineffective assistance of counsel wherever the movant complies with *Lozada*. He argues that in deviating from such

practice in his case, the BIA acted arbitrarily and violated his right to equal protection. That argument is without merit. None of the unpublished orders Frasheri cites makes any mention of the time that elapsed between the BIA's decision dismissing the applicant's appeal and the filing of the applicant's motion to reopen. In fact, it is not clear from the text of the orders that any of the three motions in question was untimely filed such that equitable tolling would have been at issue in the first instance. Moreover, a simple search of BIA orders reveals that it routinely denies motions to reopen based on ineffective assistance of counsel where the movant fails to exercise due diligence, applying our decisions in *Cekic* and *Iavorski.*

Frasheri further argues that, even if a showing of due diligence is required to prevail on an equitable tolling claim, he did exercise due diligence and presented evidence to that effect. However, Frasheri has never specified, either in this Court or before the BIA, exactly when, and on what basis, he concluded that his former attorney provided ineffective assistance or how long after coming to that realization he retained his current counsel. Whether a petitioner has exercised the requisite due diligence rests upon a two-part inquiry that first evaluates whether and when a reasonable person in the petitioner's situation should have discovered the ineffective assistance. *See Jian Hua Wang,* 508 F.3d at 715. The petitioner then bears the burden of proving that he exercised due diligence in the period that elapsed between the point at which he discovered, or should have discovered, the ineffective assistance, and the filing of his motion to reopen. This two-step inquiry must be specifically tailored to the facts of the petitioner's particular case. According to Frasheri, the BIA failed to identify the

facts underlying its finding that he had not exercised due diligence and thus denied him the opportunity to address those facts. However, the burden was on Frasheri in the first instance to allege facts that would support a finding of due diligence and, in turn, warrant the application of equitable tolling. *See id.* Frasheri failed to allege sufficient facts to support a conclusion that he exercised due diligence and accordingly failed to meet his burden. *See id.; Cekic,* 435 F.3d at 171.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).