**IMG-242** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2523
_____

XHEMALIJE FRASHERI, NAIL FRASHERI,
and SAJMIR FRASHERI,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A77-633-751, A77-633-756, A77-633-755)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 17, 2010

Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 22, 2010)

_____

OPINION

_____

PER CURIAM

Lead petitioner Xhemalije Frasheri and her two adult sons, Nail and Sajmir

Frasheri,[1] who are citizens of Albania, petition for review of a Board of Immigration

Appeals ("BIA") decision denying their motion to reopen. For the following reasons, we

will deny the petition.

I

Frasheri arrived in the United States as an applicant for admission under the Visa

Waiver Program, and sought asylum, withholding of removal, and protection under the

Convention Against Torture. As grounds for relief, Frasheri alleged that her family was

the target of a "blood feud" perpetrated by another family in Albania. The Immigration

Judge denied relief and the BIA affirmed in December 2002.

In February 2009, Frasheri filed a motion to reopen, arguing that her prior attorney

provided ineffective assistance. Specifically, Frasheri claimed that the attorney – who

also represented her husband in his immigration proceedings[2] – failed to inform her that

she could petition for review of the BIA decision, never told her that he was later

disbarred, and merely advised her family to "stay quiet or else . . . be deported." A.R. 29.

Frasheri also argued that she should be excepted from the time limitation applicable to

---

[1] For convenience, we will refer to all three petitioners by reference to Ms. Frasheri, the lead petitioner.

[2] Frasheri's husband, Xhemal, entered the United States before the rest of his family and filed a separate asylum application, which was later denied. Mr. Frasheri obtained new counsel in February 2006, nearly four years after the BIA denied his appeal. In April 2007, the BIA denied his motion to reopen because he failed to diligently pursue his ineffective assistance claim. The Second Circuit Court of Appeals denied his petition for review of that order. See Frasheri v. Mukasey, 276 F. App'x 53 (2d Cir. 2008).

motions to reopen because of changed circumstances in Albania. In support, she provided several articles to the BIA detailing the ongoing problem of blood feuds in that country.

The BIA denied the motion to reopen, reasoning that the motion was not timely filed and that Frasheri failed to qualify for tolling under the standard set forth in Matter of Compean, Bangaly, & J-E-C-, 24 I&N Dec. 710 (A.G. 2009) (Compean I). The Board also determined that Frasheri failed to demonstrate changed country conditions to justify reopening her case. Frasheri then filed a petition for review.

II

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion. See Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007). Under that standard, we will not reverse the Board's decision unless "it is arbitrary, irrational, or contrary to law." Id. (quoting Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002)).

An alien seeking to reopen proceedings must file a motion to reopen within 90 days of the entry of a final order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i). However, ineffective assistance of counsel can serve as a basis for equitably tolling the limitations period in immigration cases. See Mahmood v. Gonzales, 427 F.3d 248, 251 (3d Cir. 2005). The BIA denied the motion to reopen, in part, because Frasheri failed to exercise due diligence in pursuing her ineffective assistance claim, as required by Compean I. At

3

the outset, we note that the Attorney General has since vacated <u>Compean I</u>. <u>See</u> <u>Matter of Compean, Bangaly, & J-E-C-</u>, 25 I&N Dec. 1 (A.G. 2009) (<u>Compean II</u>). This has no effect on our analysis, however, as due diligence has long been, and still is, required for equitable tolling. <u>See</u> <u>Mahmood</u>, 427 F.3d at 252.

In concluding that Frasheri failed to demonstrate due diligence, the BIA noted that Frasheri retained new counsel for her husband in 2006 – four years after their cases were decided – but failed to take action in support of her own case at that time, despite having some knowledge by then that her first attorney had performed deficiently. The BIA also found unpersuasive Frasheri's explanation that she did not actively pursue her deficient performance claim between 2006 and 2009 because she was waiting for the outcome of her husband's 2006 motion to reopen and because her husband experienced health problems. Frasheri argues that by securing a new lawyer for her husband and awaiting the outcome of his motion, which, if granted, would support her own motion to reopen, she exercised due diligence. Nevertheless, Frasheri's argument does not demonstrate that the BIA abused its discretion: it was not arbitrary, irrational, or contrary to law to conclude that Frasheri, who waited three years after discovering her attorney's deficient performance to file a motion to reopen, did not act diligently with regard to her own ineffective assistance claim. <u>See</u> <u>Chedid v. Holder</u>, 573 F.3d 33, 37 (1st Cir. 2009) (holding that alien failed to demonstrate due diligence where he waited nearly a year after discovering his attorney's deficient performance before filing a motion to reopen).

The BIA also held that Frasheri failed to comport with the procedural requirements of Compean I for asserting a deficient performance claim. Because we conclude that Frasheri failed to demonstrate the requisite due diligence, we need not address the merits of the Board's Compean analysis or Frasheri's argument that the Board's application of Compean violated her due process rights.

In her counseled brief, Frasheri vaguely alludes to the Board's conclusion that she did not demonstrate changed country conditions, so as to excuse the untimely filing of her motion to reopen. Though not a model of clarity, her brief suggests that the Board either improperly or insufficiently considered the evidence she presented of ongoing blood feuds in Albania. We disagree. Although a motion to reopen may succeed on a claim of changed country conditions, mere cumulative evidence demonstrating that conditions asserted in the original application persist is insufficient. See Zhao v. Gonzales, 440 F.3d 405, 407 (7th Cir. 2005). Here, the BIA considered the evidence and reasoned that the articles Frasheri submitted simply demonstrated the persistence of blood feuds – the basis for her original claim for relief.

Finally, we note that Frasheri devotes a substantial portion of her brief to arguing that the Agency improperly denied her applications for asylum and related relief. A petition for review "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). This time limit is mandatory and jurisdictional. See Stone v. INS, 514 U.S. 386, 405 (1995). Here, the Board issued a final removal order in December 2002, and

5

Frasheri failed to file a timely petition for review of that order. Thus, we lack jurisdiction to evaluate the Board's decision in that regard.

Accordingly, we will deny the petition for review.